IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| In re: | |
|---|---|
|     I.M. Wilson, Inc. | C.A. No. 2:18-cv-5194-GEKP (E.D. Pa.) |
| NIKOLAY, LLC, | |
|     Petitioner, | |
| v. | Misc. No. 21-mc-122-RGA |
| I.M. WILSON, INC., | |
|     Respondent. | |

## MEMORANDUM ORDER

Presently before the court is Petitioner, Nikolay LLC's ("Petitioner") Motion to Quash Subpoenas,[1] Petitioner's Motion for Fees,[2] Respondent, I.M. Wilson, Inc.'s ("Respondent") Motion to Transfer,[3] and Respondent's Motion for Fees.[4] Petitioner has also requested oral argument,[5] which is DENIED.

For the reasons discussed herein, the Motion to Transfer is DENIED; the Motion to Quash is GRANTED-IN-PART and DENIED-IN-PART; and the Motions for Fees are DENIED.

## I.    BACKGROUND

Respondent has sued OOO Grichko, Grishko Dance S.R.O., and Nicolai Grishko (collectively, "Grishko") in the United States District Court for the Eastern District of Pennsylvania, alleging infringement of Respondent's U.S. trademarks for the name

---

[1] D.I. 1.

[2] D.I. 3 at 8.

[3] D.I. 8.

[4] *Id*.

[5] D.I. 13.

GRISHKO and various other associated marks (the "underlying litigation").[6] Grishko manufactures various articles of dance clothing, including ballet and other dance shoes, and distributes these products globally.[7] Since the early 1990s, Respondent has been the exclusive U.S. distributor of Grishko's products.[8] At some point, Grishko is alleged to have used other U.S. distributors to sell GRISHKO-branded products.[9] Fact discovery in the underlying litigation was to end in January 2022.[10]

In its amended complaint in the underlying litigation, Respondent alleged that Grishko is distributing its products in the United States under the trade name NIKOLAY and is using various GRISHKO marks owned by Respondent to promote the NIKOLAY-branded products.[11] Petitioner is the alleged registrant of the NIKOLAY mark. On December 10, 2021, Respondent subpoenaed "Nikolay Grishko, LLC" to produce documents and to appear for a deposition at the offices of Faegre Drinker Biddle & Reath LLP in Wilmington, Delaware in January 2022.[12] At various points in December 2021 and January 2022, Respondent amended its deposition subpoena to name "Nikolay Grishko LLC a/k/a/ Nikolay LLC," although there is no evidence in the record that these amended subpoenas were properly served on Petitioner.[13]

On January 6, 2022, an attorney representing Grishko in the underlying litigation appeared on behalf of Nikolay LLC and objected to Respondent's document and

---

[6] *See generally* D.I. 7-1, Ex. 1.
[7] *Id*. at ¶¶ 10–26.
[8] *Id*.
[9] *Id.* at ¶¶ 27–45.
[10] D.I. 3 at 2.
[11] D.I. 7-1, Ex. 1 at ¶¶ 48–65.
[12] D.I. 1-1, Ex. A at 2 of 28—18 of 28.
[13] D.I. 7-1, Ex. 7 at 296 of 351–297 of 351.

inspection subpoena.[14]  Grishko's attorneys at various points in the underlying litigation called out potential deficiencies in the deposition subpoena, including the failure to include the appropriate witness fee.[15]  Judge Pratter waved off these disputes and asked Grishko's attorneys to agree to accept service on behalf of Petitioner in a February 16, 2022 conference.[16]  On February 18, 2022, Respondent amended its subpoena to reflect service on "Nikolay Grishko LLC a/k/a Nikolay LLC for deposition testimony" on March 8, 2022 at the aforementioned Wilmington offices.[17]  Petitioner's Delaware counsel appeared in the underlying litigation on March 4, 2022 and objected to each of Respondent's requests for production.[18]

On March 11, 2022, in this court, Petitioner filed the instant motion to quash both the deposition and document subpoenas.[19]  The matter was assigned to Judge Andrews on March 16, 2022.  On the same day, Judge Andrews referred the motion to this Judge.[20]

## II.   DISCUSSION

### A.   Motion to Transfer

The motion to quash is properly before the court, because Nikolay LLC is formed under the laws of Delaware, and the District of Delaware is the district in which enforcement is sought.[21]  Federal Rule of Civil Procedure 45 states: "When the court

---

[14] D.I. 7-1, Ex. 13.  Although this document contains a certificate of service signed by counsel, no notice of service of this document appears on the docket of the underlying litigation.
[15] *Id.*, Ex. 10.
[16] D.I. 1-5, Ex. E at 69–70.
[17] D.I. 1-1, Ex. A at 19 of 28—28 of 28.
[18] D.I. 1-6, Ex. F.
[19] D.I. 1.
[20] D.I. 5.
[21] Fed. R. Civ. P. 45(d)(3)(A).

where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."[22] Petitioner opposes transfer.[23] Respondent argues that exceptional circumstances exist "in view of the extent to which the issues presented in the Motion intersect with case management issues in the Underlying Litigation as to which Judge Pratter has been actively involved."[24] Moreover, Respondent avers that Petitioner "has articulated no substantive interest in having this issue resolved locally."[25]

Although the rules do not explain what are the appropriate "exceptional circumstances" for transfer, the Advisory Committee's notes state that "the proponent of transfer bears the burden of showing that such circumstances are present."[26] The Advisory Committee explained that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."[27] However, in some circumstances "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."[28] "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."[29]

---

[22] Fed. R. Civ. P. 45(f).

[23] D.I. 12 at 3; D.I. 6 at 9 (stating that "Nikolay has refused to consent to transfer[.]").

[24] D.I. 6 at 9.

[25] *Id*.

[26] Fed. R. Civ. P. 45(f) Advisory Committee's note to 2013 amendment.

[27] *Id*.

[28] *Id*.

[29] *Id*.

4

Respondent has not established exceptional circumstances. In fact, Respondent contends that the issues presented in this motion are straight forward.[30] And other than a conclusory reference to "case management issues," Respondent does not identify any facts that would suggest that this subpoena is exceptional in any way.[31] Petitioner argues that it has organized itself under the laws of Delaware and has an interest in resolving this dispute locally.[32]

The record presented shows that Judge Pratter has ruled on various motions to compel document production from Grishko.[33] The present document and deposition subpoenas address a similar subject matter to the disputed discovery in the underlying litigation. To the extent that Judge Pratter has already addressed issues presented by the motion, this court is fully capable of reviewing the orders in the record.

### B. Motion to Quash

Petitioner makes several arguments in support of its motion to quash the document and deposition subpoenas. First, Petitioner argues that Respondent has failed to prove service of the subpoenas.[34] Second, Petitioner contends the information sought is irrelevant to the underlying litigation.[35] Third, Petitioner avers that the subpoenas are superfluous in light of Judge Pratter's orders limiting the scope of discovery in the underlying litigation.[36]

---

[30] D.I. 6 at 8–9.

[31] *Id.* Moreover, Respondent argues that the burden lies with Petitioner, D.I. 6 at 8–9, when the burden is in fact otherwise. This is pure misdirection.

[32] D.I. 12 at 4.

[33] D.I. 1-2, Ex. B; D.I. 1-3, Ex. C; D.I. 1-4, Ex. D; D.I. 1-5, Ex. E.

[34] D.I. 3 at 5.

[35] D.I. 3 at 6–8.

[36] *Id.* at 8–9.

Respondent argues that Petitioner waived its rights in view of timely-served subpoenas[37] and that the discovery sought is relevant and not superfluous.[38] Specifically, Respondent points to the alleged separateness of Petitioner from the Grishko entities and avers that this is not a basis on which to quash.[39]

### 1. The Record

The record presented is fragmented and incomplete.  Petitioner has attached a number of documents to its opening brief, but it did not verify or authenticate these documents in any manner.[40]  Some of these documents include subpoena materials.[41] Respondent has provided a declaration to authenticate the documents it attached to its answering brief.[42]  However, that declaration does not include a complete record of the subpoenas—*i.e.*, the subpoena materials directed to Petitioner; the appropriate notices of service to the parties to the underlying litigation;[43] and proof of service.[44]

In fact, the only document subpoena in the record is an unauthenticated version dated December 10, 2021 that is attached to Petitioner's motion to quash.[45]  This document subpoena is directed to "Nikolay Grishko, LLC."[46]  Petitioner objects to this

---

[37] D.I. 6 at 9–11.

[38] *Id.* 11–13.

[39] *Id.*

[40] D.I. 1-1, Ex. A–D.I. 1-7, Ex. G.

[41] D.I. 1-1, Ex. A.

[42] D.I. 7.  This declaration was signed by an attorney not admitted to practice before this Court.

[43] Fed. R. Civ. P. 45(a)(4).

[44] *Id.* at 45(b)(4).

[45] D.I. 1; D.I. 1-1, Ex. A.

[46] D.I. 1-1, Ex. A at 4 of 28–11 of 28.

subpoena on the basis that "Nikolay Grishko, LLC" and Petitioner are not the same entity.[47] No document subpoena directed to Petitioner appears in the record.

Meanwhile, the only affidavits of service appear in Respondent's declaration.[48] These reflect service of a document subpoena on "Nikolay Grishko, LLC" on December 13, 2021; a document subpoena on "Discount Dance, LLC" on December 13, 2021; a deposition subpoena on "Nikolay Grishko, LLC a/k/a Nikolay LLC" on December 30, 2021; and a deposition subpoena on "Nikolay Grishko, LLC a/k/a Nikolay LLC" with a witness fee on January 6, 2022.[49] No notices of service related to these affidavits appear on the docket in the underlying litigation in the Eastern District of Pennsylvania.

### 2. Timeliness/Waiver

Respondent raises the issue of service by arguing that Petitioner failed to object to the document subpoena or to move to quash in a timely manner and, therefore, waived these objections.[50] These issues were previously addressed (and dismissed) by Judge Pratter,[51] and Respondent's raising them in this proceeding is duplicative of those earlier proceedings.

### (a) There is no record of a document subpoena properly served on Petitioner

As to the December 13, 2021 document subpoena,[52] Respondent argues that Petitioner's objections are untimely under Rule 45, which requires objections to be "served before the earlier of the time specified for compliance or 14 days after the

---

[47] D.I. 1-6, Ex. F at 2–3; D.I. 7-1, Ex. 13 at 2 (stating that the "Subpoena was incorrectly noticed to 'Nikolay Grishko, LLC'").

[48] D.I. 7-1, Ex. 7.

[49] *Id.* It is unclear why the affidavit relating to service of Discount Dance is included in these materials.

[50] D.I. 6 at 9.

[51] D.I. 1-1, Ex. E at 69–70.

[52] D.I. 1-1, Ex. A at 2 of 28–11 of 28.

subpoena is served."[53]  Respondent contends that service was timely, resulting in "a December 27 return date" that would make Petitioner's January 6, 2022 objections untimely.[54]

Although Respondent does not move to compel or for sanctions, it argues that this court should deny the motion to quash as untimely, which raises the issue of proving service.[55]  Rule 45 states that to prove service "requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served.  The statement must be certified by the server."[56]  In this case, the issuing court is the United States District Court for the Eastern District of Pennsylvania.  However, there is no evidence on the docket of the underlying litigation in that court that Respondent has complied with Rule 45(b)(4)—to wit, no certificates of service appear on that docket.[57]  Therefore, under the Rules, Respondent has not proven service of a document subpoena on Petitioner Nikolay, LLC and cannot now claim that objections are untimely.

Moreover, since there is no evidence in the record that Respondent has served any document subpoena on Petitioner at any point in time, the motion to quash is GRANTED as to the document subpoena.[58]

---

[53] Fed. R. Civ. P. 45(d)(2)(B).

[54] D.I. 6 at 10.

[55] *Cf. Plastic the Movie Ltd. v. Doe*, No. 3:15-CV-385-J-39PDB, 2015 WL 12856114, at *1 (M.D. Fla. Nov. 24, 2015) ("The defendant has shown no need for proof of service, like to support a motion to compel or for a contempt sanction.").

[56] Fed. R. Civ. P. 45(b)(4).

[57] *See* Case No. 2:18-cv-05194-GEKP (E.D. Pa.).

[58] *See* D.I. 1-5, Ex. E at 70 ("When somebody starts quoting the rules at me, you'd better live by the rules.").

### (b) The January deposition subpoena was served on Petitioner the afternoon before the required appearance

According to the affidavit of service attached to Respondent's declaration, Petitioner was initially served with a deposition subpoena on December 30, 2021.[59] The deposition was scheduled for 9:00 am on January 7, 2022 in Wilmington, Delaware.[60] Apparently, this deposition subpoena did not include a witness fee, and it was served again, this time with the appropriate fee, at 3:25 pm on January 6, 2022.[61] Respondent attached a statement on the record from the morning of January 7, noting that no person appeared on behalf of Petitioner at that time.[62] Counsel for Respondent, who is not admitted in this court, did not appear in person and instead appeared virtually.[63] No Delaware counsel was present.[64]

Respondent contends that Petitioner's motion to quash the deposition subpoena is untimely under Rule 45(d)(3)(A), citing case law that defines "timely" to mean "filed before the date for compliance."[65] This is a wholly unreasonable expectation, given that Petitioner was served in the late afternoon of January 6 for a deposition scheduled for 9:00 am **the very next day**. Respondent seeks to paper over these facts with an innocent narrative that places the burden on Petitioner to "indicate whether it would appear for [the January 7] deposition" after Respondent (admittedly) had failed to comply with Rule 45(b)(1) and to include a witness fee in the original subpoena as served on Petitioner.[66] Although Petitioner could have waived this requirement, it was

---

[59] D.I. 7-1, Ex. 7 at 296 of 351.

[60] *Id.*, Ex. 9.

[61] *Id.*, Ex. 7 at 297 of 351.

[62] *Id.*, Ex. 14.

[63] *Id*.

[64] *Id*.

[65] D.I. 6 at 10 (citation omitted).

[66] D.I. 6 at 5–7.

never under an obligation to do so, and as Judge Pratter stated "When somebody starts quoting the rules at me, you'd better live by the rules."[67]

There is no evidence in the record that Respondent asked Petitioner to appear for a deposition on a different day or served an additional subpoena on Petitioner prior to February 18, 2022.[68]  Regardless, no notice of service appears on the record in the underlying litigation in the Eastern District of Pennsylvania, and thus Respondent has not proven service of this deposition subpoena under Rule 45(b)(4).  Absent proof of service, Respondent's waiver argument lacks merit.

### (c)   Respondent is wasting judicial resources

In January, February and into March, 2022, Respondent had been moving to compel document production from the Grishko parties.[69]  The subject matter of these motions to compel clearly overlaps with the document and deposition subpoenas at issue here.  Given the transcript in the record from the February 16, 2022 proceeding with Judge Pratter, with respect to the subpoena of Petitioner, Judge Pratter told the parties to "start over."[70]  Counsel for Petitioner agreed to accept service of the subpoenas at that time.[71]  In the context of this exchange, which Respondent described in detail in its answering brief,[72] Respondent's waiver argument is a waste of judicial resources.

---

[67] *See supra* note 58.

[68] Of course, when properly served with the February 18, 2022 deposition subpoena requiring attendance at a March 8, 2022 deposition, Petitioner objected, told Respondent it was not going to attend, and filed the present motion to quash.

[69] D.I. 1-2, Ex. B; D.I. 1-3, Ex. C, D.I. 1-4, Ex. D; D.I. 1-5, Ex. E; D.I. 7-1, Exs. 2–4.

[70] D.I. 1-5, Ex. E at 69–70.

[71] *Id.* at 69.

[72] D.I. 6 at 7.

### 3. Undue Burden

The remaining discussion relates to the deposition subpoena. This subpoena outlines a series of "topics" included in their entirety below:

> 1. The ownership and organizational structure of Nikolay Grishko LLC a/k/a Nikolay LLC.
>
> 2. The marketing or sale of Grishko branded products in the United States.
>
> 3. The use of the "Grishko" name or mark (or any formative of same, including Nikolay Grishko or Nikolay Grishko LLC) in connection with the marketing or sale of Nikolay branded products in the United States.
>
> 4. The monthly and annual volume of sales (in gross revenue, units and profits) to the United States of any Grishko branded products from 2019 to the present.
>
> 5. The monthly and annual volume of sales (in gross revenue, units and profits) to the United States of any Nikolay branded products from 2019 to the present.
>
> 6. The identities of retailers in the United States to whom you have sold Grishko branded products and any communications with such retailers.
>
> 7. The identities of retailers in the United States to whom you have sold Nikolay branded products and any communications with such retailers .
>
> 8. Any incident in which a person or entity in the United States believed, evinced a belief, or may have believed that Nikolay branded products emanated from or were otherwise connected to the source of Grishko branded products.
>
> 9. Your production of documents pursuant to Attachment A to the Subpoena dated December 10, 2021.[73]

As discussed above, the document subpoena is quashed, and thus the motion to quash is GRANTED-IN-PART as to item 9.

---

[73] D.I. 1-1, Ex. A at 26 of 28–27 of 28.

Under Rule 45, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden."[74]  Petitioner argues that the burden on it is undue, because Petitioner bears no relation to the Grishko; the information sought is irrelevant; and discovery into the same subjects from Grishko has been disallowed by Judge Pratter in the underlying litigation.[75]

### (a)    The independence of Petitioner from the Grishko parties

The briefing contains substantial argument concerning the relationship between Grishko and Petitioner.[76]  Petitioner's declaration parses the language of the Delaware Limited Liability Company Act[77] and states that Petitioner "does not share any Officers or Directors with" the Grishko entities in the underlying litigation.[78]  Petitioner argues that it is wholly unrelated to Grishko, and so any discovery into its business is burdensome.  Respondent notes that[79] in December 2021 when Petitioner changed its name from "Nikolay Grishko, LLC" to "Nikolay, LLC," the name change was authorized by "Tamara Grishko"[80] who appears to be Mr. Nikolay Grishko's wife.[81]  This is not a separate inquiry but rather one addressed under Rule 26.

---

[74] Fed. R. Civ. P. 45(d)(3)(A).  On the facts at hand, the deposition subpoena was served on or about February 18, 2022, Petitioner objected to the document production on March 4 and moved to quash both subpoenas on March 11.  The court concludes that Petitioner's motion is timely.

[75] Of note, Petitioner **does not argue** that the subpoena(s) "requires disclosure of privileged or other protected matter[.]"  Fed. R. Civ. P. 45(d)(3)(A)(iii).

[76] D.I. 3 at 5; D.I. 4; D.I. 6 at 13–14.

[77] 6 Del. C. §§18–101 *et. seq.*

[78] D.I. 4.  Of course, LLCs have members and managers, not officers and directors, so it is unclear what this statement is supposed to signify.

[79] D.I. 6 at 6.

[80] D.I. 7-1, Ex. 11.

[81] *Id.*, Ex. 12.

### (b) Relevance

Petitioner argues that the information sought in the subpoenas is irrelevant to the underlying litigation, because "the subpoenas only seek information regarding a non-party's actions, they are not relevant to any issues in the [underlying] Litigation."[82] Specifically, Petitioner contends that "[e]very mention of a NIKOLAY mark in the Amended Complaint is made in connection with *the Defendants'* use, not Petitioner's."[83] In addition, Petitioner avers "[n]othing in the Prayer for Relief involves a NIKOLAY mark."[84] Essentially, Petitioner argues that it is not an "alter ego" of the Grishko entities and that "any alleged use of the GRISHKO mark by *Petitioner Nikolay, LLC* has nothing to do with *the Defendants'* use of that mark."[85]

Respondent contends that, Petitioners logic that any non-party "could not possibly have any information that is relevant to 'any party's claim or defense[]'" would render Rule 45 meaningless, because subpoenas are directed to non parties.[86] Respondent addresses the document subpoenas on a point-by-point basis.[87] Essentially, Respondent argues that Grishko has resisted discovery as to the same topics listed above in the underlying litigation, and that Grishko has taken the position that Petitioner is a wholly separate entity and that Grishko is not involved in the marketing of NIKOLAY-branded products.

The facts in the record are simple. First, in the underlying litigation, Respondent alleges that Grishko has been using Respondent's GRISHKO mark to promote Grishko's NIKOLAY-branded products.[88] Second, Grishko has resisted discovery into

---

[82] D.I. 3 at 5 (emphasis in original).
[83] *Id.* at 6 (emphasis in original).
[84] *Id.*
[85] *Id.* (emphasis in original).
[86] D.I. 6 at 11.
[87] *Id.* at 11–13.
[88] D.I. 7-1, Ex. 1 at ¶¶ 60–66.

13

documents related to the NIKOLAY-branded products by arguing that these products are "promoted and sold in the United States by a separate legal entity that is not a named party" in the underlying litigation.[89]  Third, Petitioner is that separate legal entity.[90]  Fourth, Respondent has subpoenaed Petitioner to obtain discovery as to the promotion and sales of NIKOLAY-branded products.  And finally, Petitioner moves to quash, reasoning that Respondent would have to accuse Petitioner of infringing its trademark in order for the discovery to be relevant.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"[91]  Courts are to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[92]  Importantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."[93]

The Federal Rules of Evidence articulates a test for relevant evidence, which is that "[e]vidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[94]  Here, Respondent alleges that Grishko is using

---

[89] *Id.*, Ex. 3 at 8.

[90] D.I. 3 at 7 (Petitioner acknowledges that it is "the U.S. distributor of NIKOLAY-branded products[.]"); *see also id.* at 1 ("Nikolay, LLC, [is] a mere distributor of the NIKOLAY brand[.]"); *id.* at 2–3 (stating that Grishko "ceased sales in the U.S. and rebranded them under the NIKOLAY brand – which are now distributed throughout the U.S. through Petitioner Nikolay.").

[91] Fed. R. Civ. P. 26(b)(1).

[92] *Id.*

[93] *Id.*

[94] Fed. R. Evid. 401.

Respondent's GRISHKO mark to promote NIKOLAY-branded products sold by Petitioner.  Respondent seeks discovery from Petitioner as to its organization and its knowledge of the sales and marketing of GRISHKO and NIKOLAY-branded products.  This information is relevant because it would tend to make a fact of consequence—the use of Respondent's GRISHKO mark to sell NIKOLAY-branded products—more or less probable.  In view of the allegations in the amended complaint, and the representations by Grishko and by Petitioner that Petitioner is the sole U.S. distributor for NIKOLAY-branded products, it is clear that Petitioner may possess information relevant to a party's claim or defense.  For example, Petitioner is in the best position to provide information about the promotion and sales of NIKOLAY-branded products, including any marketing or promotion involving the Grishko entities and/or Respondent's GRISHKO mark.

Under a broad scope of discovery and the test for relevance, the motion to quash the deposition subpoena is DENIED-IN-PART as to deposition topics 1–8.  Therefore, Petitioner's representative shall sit for a virtual deposition that, based upon Petitioner's representations, should be short.

As to undue burden, Petitioner has not shown any burden.  And Petitioner's relevance argument is unpersuasive.  The cited case law[95] has entirely different facts and is largely inapposite.[96]  Petitioner also conflates relevance for purposes of discovery with the motions to exclude and for summary judgment presently before Judge Pratter.  It remains possible that, even at this late stage in the litigation, the

---

[95] D.I. 3 at 7.

[96] In *Under Armour, Inc v. Battle Fashions, Inc.*, No. 18-MC-80117-LB, 2018 WL 3689664 (N.D. Cal. Aug. 3, 2018), the court granted a motion to quash a deposition subpoena for Stephen Curry after the defendant had already deposed Mr. Curry's agent and Under Armour's advertising agency involved in the relevant dispute.  By contrast, in the instant motion, Respondents have had no discovery into Petitioner's business as it relates to the underlying litigation.

discovery Respondent obtains from Petitioner may shift the nature of the underlying litigation in some way.

### (c) Superfluousness

Petitioner also argues that the subpoenas are superfluous in view of Judge Pratter's rulings, because Respondent "will already obtain the same information from . . . [Grishko] in the Pending EDPA Litigation."[97]  Respondent points out that this "would presumably be true only if [Petitioner] *really is* a pure alter ego of [Grishko.]"[98]  In its reply brief, Petitioner urges this court to stay the pending motions until after a May 11, 2022 hearing in which Judge Pratter will hear reargument on various earlier rulings[99] on motions to compel.[100]

The court is inclined to agree with Respondent—Petitioner and Grishko are separate entities, and so Judge Pratter's rulings as to a motion to compel discovery from Grishko will not address the nature of the discovery from Petitioner.  These two

---

[97] D.I. 3 at 9.

[98] D.I. 6 at 14 (emphasis in original).

[99] In the underlying litigation, Grishko has resisted producing documents related to marketing, advertising, and sales of NIKOLAY-branded goods.  At first, on January 3, 2022, Judge Pratter ordered Grishko "to (1) produce any documents related to the advertisement or promotion of NIKOLAY branded products that mention or reference the GRISKHO mark or (2) confirm in writing that none exist within 21 days[.]" D.I. 1-2, Ex. B at 2.  On February 23, Judge Pratter ordered Grishko "to produce all communications to consumers or retailers that contain both [Respondent]'s GRISHKO mark and [Grishko's] NIKOLAY mark." D.I. 1-3, Ex. C at 2.  And on March 11, Judge Pratter expanded discovery to include "all documents reflecting the United States sales data for goods bearing the NIKOLAY mark, from inception to the present." D.I. 1-4, Ex. D.  On March 30, Judge Pratter stayed Grishko's compliance with her March 11 Order as to the sales data for NIKOLAY-branded products pending re-argument scheduled for May 11, 2022.  D.I. 12 at 1.

[100] D.I. 12 at 1.

16

separate entities should have differing knowledge and information. Moreover, Judge Pratter may rule on a different basis or under a different standard.[101]

### C. Motion for Attorneys' Fees

Both parties have moved for attorneys' fees,[102] and both motions are DENIED. Although Petitioner's motion to quash is largely unsuccessful, Petitioner is correct that Respondent has failed to prove service of the subpoenas. In view of Respondent's sloppy approach towards discovery, which resulted in the incomplete record before the court, Respondent's efforts to leverage the rules to claim waiver on a subject already addressed by Judge Pratter were an equally meritless waste of the court's resources. In addition, Respondent's motion to transfer comprised exactly one-half page of argument that wrongly suggested that the burden be shifted onto Petitioner. The court and Petitioner were required to attend to this motion despite its flawed legal reasoning and lack of substantive argument. In view of this comedy of errors, the court is not inclined to award attorneys' fees to either side.

## III. ORDER

Therefore, it is ORDERED that:

1. Respondent's Motion to Transfer, D.I. 8, is DENIED;
2. Petitioner's Motion to Quash the document subpoena, D.I. 1, is GRANTED;
3. Petitioner's Motion to Quash the deposition subpoena, D.I. 1, is GRANTED-IN-PART as to deposition topic 9 and DENIED-IN-PART as to deposition topics 1–8;
4. Petitioner's Motion for Attorneys' Fees, D.I. 3 at 9, is DENIED;

---

[101] Motions to exclude and for summary judgment are presently at issue in the underlying litigation.

[102] D.I. 3 at 9; D.I. 8.

5.     Respondent's Motion for Attorneys' Fees, D.I. 8, is DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1, any objections to the Memorandum Order shall be filed within fourteen (14) days limited to four (4) pages after being served with the same. Any response shall be limited to four (4) pages.

The parties are directed to the Court's Standing Order for Objections Filed under Fed. R. Civ. P. 72 dated March 7, 2022 a copy of which is found on the Court's website (www.ded.uscourts.gov).

Dated: April 27, 2022                                     /s/ Mary Pat Thynge
                                                                    Chief U.S. Magistrate Judge